IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Brian Westmoreland, ) | Case No.: 9:22-cv-00087-JD-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Lexington County; Lexington County ) | |
| Detention Center; Lexington County ) | |
| Sheriff's Department; Wellpath; Don L. ) | |
| Smith, Nurse; Nurse Practitioner Beth Rouse; ) | |
| Doctor Darby; Doctor Parryman; W. Todd, ) | |
| Lieutenant; Sgt. Keyes; Sgt. Clawson; Sgt. ) | |
| Steve; Floyd, MCO; Officer Thrasher, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Molly H. Cherry ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff David Brian Westmoreland ("Westmoreland" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (DE 1.)

On January 11, 2022, Plaintiff filed a motion for a Temporary Restraining Order (TRO) requesting that defendants Sgt. Keyes, Sgt. Steve, Sgt. Clawson, Floyd, W. Todd, Doctor Parryman, Don L. Smith, Doctor Darby, and Nurse Practitioner Beth Rouse (collectively

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

"Defendants") be prevented from working the A Pod at the Lexington County Detention Center ("LCDC"), having contact with Plaintiff, and answering Plaintiff's requests. He also asks that the Defendants not be allowed in the booking or medical sections of the LCDC at the same time that Plaintiff is in one of those sections. Plaintiff claims these Defendants have put his life in danger, discriminated against him and targeted him. (DE 5.)

The Report and Recommendation was issued on February 1, 2022, recommending that Plaintiff's TRO Motion be denied because the Motion contains no sworn affidavit from Plaintiff (nor does the Complaint contain such a sworn affidavit), does not explain why an injunction is being requested without notice, requests relief exceeding fourteen days, and Plaintiff has not made a clear showing for relief. See Fed. R. Civ. P. 65(b)(1)–(2). (DE 12.)

Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion for Temporary Restraining Order (DE 5) is denied.

**IT IS SO ORDERED.**

                                        *Joseph Dawson, III*
_____
Joseph Dawson, III
United States District Judge

March 16, 2022
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.