IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| David Brian Westmoreland, | ) | Case No.: 9:22-cv-00087-JD-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Lexington County, Lexington County | ) | |
| Detention Center, Lexington County | ) | |
| Sheriff's Department; Wellpath, Don L. | ) | |
| Smith, Nurse Practitioner Beth Rouse, | ) | |
| Doctor Darby, Doctor Parryman, W. Todd, | ) | |
| Sgt. Keyes, Sgt. Clawson, Sgt. Steve, Floyd, | ) | |
| Officer Thrasher, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Molly H. Cherry ("Report and Recommendation") (DE 18), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] David Westmoreland ("Westmoreland" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the named defendants arising out of unsanitary conditions and inadequate medical care while housed at the Lexington County Detention Center as a pre-trial detainee. (DE 1.)

By Order dated February 1, 2022, Plaintiff was notified of material pleading deficiencies in his Complaint and was given an opportunity to file an amended complaint. The Order also

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

directed Plaintiff to keep the Court informed, in writing, if his address changed. Specifically, Plaintiff was ordered:

> to always keep the Clerk of Court advised in writing (Post Office Box 835, Charleston, South Carolina 29402) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, your case may be dismissed for violating this Order. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

(DE 10.) On the same date, the Magistrate Judge recommended this Court deny Plaintiff's Motion for a Temporary Restraining Order (TRO). (DE 12.) On February 22, 2022, the Order and the Report and Recommendation were returned to the Court with notations that the mail was not deliverable as addressed and unable to forward. (DE 14.) This Court issued an Order adopting the Magistrate Judge's recommendation and denied Plaintiff's motion for a TRO on March 16, 2022. (DE 15.) Thereafter, on March 28, 2022, the Order was also returned to the Court with notations to return to sender and unable to forward. (DE 17.)

The instant Report and Recommendation was issued on April 25, 2022, recommending summary dismissal of this action because Plaintiff has not filed any response to the Order and Report and Recommendation and has not attempted to contact the Court in any way. As a result, neither the Court nor the named defendants have any means of contacting the Plaintiff. Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

3

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that this action is summarily dismissed without prejudice.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
June 16, 2022

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.